UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Holmes, # 289114, ) | C/A No. 9:11-1204-SB-BHH |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Inv. J. Fraser - BCSO, ) | |
| Defendant. ) | |

George Holmes ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendant violated his constitutional rights during Plaintiff's arrest, search, and seizure in December of 2008. Plaintiff seeks money damages. The Complaint should be dismissed based upon frivolousness.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to

include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff filed this action on May 19, 2011,[2] against Investigator J. Fraser of the Beaufort County Sheriff's Office based on Fraser's conduct in December of 2008. Plaintiff alleges that on December 12, 2008, Defendant conducted an illegal search of Plaintiff's private property and home without a search warrant. Plaintiff alleges that "they" charged him with unlawful possession of a handgun on December 8, 2008. Plaintiff alleges that he was arrested on December 12, 2008. Plaintiff alleges that he was charged with two different crimes "that happen[ed] at the same time[,] date, and place, but they have two different dates on the Indictments." Plaintiff's Exhibits,[3] attached to the Complaint, reveal

---

[2] It is not clear what date Plaintiff placed the Complaint in the prison mail system, *Houston v. Lack*, 487 U.S. 266, 276 (1988), but Plaintiff signed the Complaint on May 13, 2011. Compl. 5. Also, Plaintiff submitted an Exhibit, or letter, to the U.S. Marshal dated May 17, 2011. Compl. 13.

[3] In one Exhibit, Plaintiff wrote a letter directed to the U.S. Marshal dated May 17, 2011, wherein Plaintiff complains about a correctional officer Henry Sims. Plaintiff alleges that Henry Sims and other officers have threatened Plaintiff's life and that Plaintiff does not feel safe at Evans Correctional Institution. Compl., Attachment 2, ECF No. 1. This Court takes judicial notice that Plaintiff has a pending action against Henry Sims where service of process has been authorized. *See Holmes v. Sims*, C/A No. 2:11-1132-SB-BHH (D.S.C. June 2, 2011). If Plaintiff desires to allege facts against Henry Sims (who is not a

3

that his other criminal charge was for possession of less than one gram of crack cocaine. Plaintiff's Exhibits reveal that he pled guilty to both unlawful possession of a handgun and possession of less than one gram of crack cocaine. Plaintiff alleges that there were different dates of the offense listed on the two separate indictments, and he alleges that his public defender "was found ineffective assistance of counsel." Plaintiff alleges that, "[t]he whole time she was representing me I was telling her that BCSO didn't have a search warrants (sic)." Plaintiff seeks appointment of counsel and money damages for his pain and suffering based on his unlawful incarceration.

This Court takes judicial notice that Plaintiff filed a lawsuit on March 25, 2011, against J. Fraser, the Defendant in this action, raising similar factual and legal allegations against him.[4] *See Holmes v. Fraser*, C/A No. 9:11-735-SB-BHH (D.S.C. May 6, 2011). In the Complaint in that case, Plaintiff sought release from incarceration, and in his objections to the Report and Recommendation Plaintiff clarified that he did also seek money damages. *Id.* at ECF No. 1, 11. Plaintiff alleged that his state conviction of unlawful possession of a weapon was based on evidence obtained without a search warrant, and Plaintiff alleged that his constitutional rights were violated when his property was searched without a warrant and when he was charged with a crime before he was arrested. *Id.*, Report and

---

defendant in this case), he must do so in the case against Mr. Sims. Plaintiff must create a document with the appropriate civil action number listed on it and file the document in the appropriate case.

[4] It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Recommendation, April 25, 2011, ECF No. 8.  The Honorable Senior United States District Judge Sol Blatt, Jr., dismissed that case without prejudice for failure to state a claim upon which relief may be granted.  *Id.*, Order, May 6, 2011, ECF No. 14.  This Court ruled that "to the extent that the Plaintiff seeks to recover for allegedly unconstitutional actions taken against him in the context of his state criminal case, he must first show that this state criminal conviction has been set aside, vacated, or otherwise invalidated."  *Id.*

Additionally, on April 22, 2011, Plaintiff filed another civil action in this Court against J. Fraser, the Defendant in this action, and the factual allegations of that Complaint are almost identical to the allegations in the case *subjudice*.  *See Holmes v. Fraser*, C/A No. 9:11-969-SB-BHH, Compl., ECF No. 1.  However, Plaintiff's request for relief in that case appears to be release from prison, which is not requested in the case *subjudice*.  *Id.*  The prior action, *Holmes v. Fraser*, C/A No. 9:11-969-SB-BHH, is pending before this Court.

### Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff alleges that Defendant on December 12, 2008, acted under color of state

law when he conducted an illegal search and seizure of Plaintiff's private property and home in violation of the Fourth Amendment. Plaintiff also alleges that he was convicted of two crimes (unlawful possession of a weapon and possession of less than one gram of crack cocaine) based upon the evidence found during that alleged unlawful search. The Complaint is filed prematurely. The Supreme Court has held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87; *See also Edwards v. Balisock*, 520 U.S. 641 (1997) (the preclusive rule of *Heck* extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement). A favorable determination on the merits of Plaintiff's claims in this § 1983 action would imply that Plaintiff's state convictions of unlawful possession of a weapon and possession of less than one gram of crack cocaine were invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262 (4th Cir. 2008).

Plaintiff has not demonstrated or alleged that he has successfully challenged the lawfulness of his state convictions of unlawful possession of a weapon and possession of less than one gram of crack cocaine; thus, the Complaint should be dismissed without prejudice.[5] Plaintiff may bring this action in the future *after* he has successfully invalidated the state convictions.[6]

This action *subjudice* rises to the level of frivolousness because this Court informed Plaintiff in his prior case, *Holmes v. Fraser*, C/A No. 9:11-735-SB-BHH (D.S.C. May 6, 2011), where Plaintiff's allegations were very similar, that he had failed to state a claim upon which relief may be granted. Specifically, this Court ruled that, "to the extent that the Plaintiff seeks to recover for allegedly unconstitutional actions taken against him in the context of his state criminal case, he must first show that this state criminal conviction has been set aside, vacated, or otherwise invalidated." *Id.*, Order, May 6, 2011, ECF No. 14. Thus, Plaintiff was informed, and should have known, that he could bring another § 1983 action seeking money damages based on the alleged December 12, 2008, unconstitutional search and seizure *only after* he could demonstrate that his state convictions had been set aside, vacated, or otherwise invalidated. The Complaint *subjudice*, which is repetitive and

---

[5] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Benson v. New Jersey State Parole Bd.*, 947 F. Supp. 827, 830 & n. 3 (D.N.J. 1996) (following *Heck v. Humphrey*, "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); and *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-688 (E.D.Va. 1994).

[6] It appears that Plaintiff may have filed an action for post-conviction relief in the Beaufort County Court of Common Pleas on January 18, 2011, and it is pending. *See* Beaufort County Fourteenth Judicial Circuit Public Index Homepage, www.beaufortcourt.org/publicindex/, (enter "George Holmes" and "search public index," then click on "2011CP0700266," and click on "Actions") (last visited June 7, 2011).

Plaintiff's third complaint against the same Defendant, wherein he did not allege that his state convictions have been invalidated, is frivolous and wastes this Court's judicial resources. Therefore, this action should be designated a "strike" pursuant to 28 U.S.C. § 1915(g) based on frivolousness because it lacks an arguable basis in law. *See McLean v. United States*, 566 F.3d 391, 399-400 (4th Cir. 2009) (noting that a dismissal for frivolousness without prejudice may be designated a strike); *Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition'").

### Recommendation

It is recommended that the District Court dismiss this action *without prejudice* based upon frivolousness. It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 7, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).